UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND S. NAJOR,

      Petitioner,

             CASE NO. 2:08-CV-11274
v.             JUDGE GEORGE CARAM STEEH
             MAGISTRATE JUDGE PAUL KOMIVES

C. EICHENLAUB and MS. MOODY,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should dismiss as moot petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Procedural Background*

Petitioner Raymond Najor is a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan. On March 25, 2009, petitioner filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's application challenges the Bureau of Prison's regulations governing eligibility for placement in community corrections centers ("CCC"), also known as residential reentry centers ("RRC") or halfway houses. These regulations categorically limit the BOP's authority to designate an inmate to a CCC until the last 10% of the inmate's sentence, and limit such placement to no more than six months. *See* 28 C.F.R. §§ 570.20-.21. Petitioner contends that these regulations violate the individualized placement consideration mandated by 18 U.S.C. § 3621(b). Specifically, petitioner argues that "[t]he BOP's exercise of 'categorical discretion' to prohibit CCC placements except during the final six months of a prisoner's sentence conflicts with [the] unambiguous congressional directive of 18 U.S.C. § 3621(b)." Br. in Supp. of Pet., at 5. Petitioner "does not claim

that he is entitled to specific placement in a CCC prior to the final six months of his sentence, but asserts that he is entitled to a fair evaluation of his transfer request based on the criteria set forth in § 3621(b)." *Id*. On May 2, 2008, respondents filed a response to the petition, arguing that petitioner's claims are moot in light of the passage of the Second Chance Act. Petitioner filed a reply on May 20, 2008. For the reasons that follow, the Court should dismiss the petition as moot.

B.     *Analysis*

Under Article III of the Constitution, a federal court has jurisdiction only over actual "cases or controversies." U.S. CONST. art. III, § 2. As the Supreme Court has explained:

> "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). See also *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra*, at 477.

*See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (alternation in original). In other words, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, a case is moot and outside the Court's jurisdiction if "events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Mootness is a jurisdictional issue which may be raised by the Court *sua sponte*. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Here, petitioner's claims are moot because the enactment of the Second Chance Act grants him all the relief he seeks.

Petitioner's habeas application revolves around the conflict between two statutory provisions governing an inmate's place of incarceration. First, 18 U.S.C. § 3621 grants the BOP discretion to designate the prisoner's place of confinement. In exercising this discretion, however, the BOP is

2

directed to consider five specific factors relating to the individual prisoner. *See* 18 U.S.C. § 3621(b). The more specific statute governing release of inmates, however, provides that the BOP "shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community." 18 U.S.C. § 3624(c). The BOP, categorically exercising its discretion, has determined that inmates are not eligible for placement in an RRC prior to the greater of the last six months or 10% of the inmate's sentence. *See* 28 C.F.R. §§ 570.20-.21.

Four circuit courts, the only appellate courts to have considered the issues, have concluded that the BOP's regulations conflict with the plain language of § 3621(b) and are therefore invalid. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1166-68 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 87 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Woodall v. Federal Bur. of Prisons*, 432 F.3d 235, 237 (3d Cir. 2005). The resolution of this issue, however, is not as uniform as this authority would make it seem. Each decision striking down the BOP's regulations was accompanied by a dissent, *see Wedelstedt*, 477 F.3d at 1169-71 (Hartz, J., dissenting); *Levine*, 455 F.3d at 87-91 (Raggi, J., dissenting); *Fults*, 442 F.3d at 1093 (Riley, J., dissenting); *Woodall*, 432 F.3d at 251-52 (Fuentes, J., dissenting), and those decisions have been rejected by other district courts, *see, e.g.*, *Coviello v. Winn*, 477 F. Supp. 2d 301, 305-06 (D. Mass. 2006).

However, after petitioner filed his habeas application, Congress enacted and the President signed into law the Second Chance Act, Pub. L. No. 110-199, 122 Stat. 657 (Apr. 9, 2008). As recently explained by another court:

> Relevant to the issues presented here, the Act amended 18 U.S.C. § 3624(c). Amended section 3624(c)(1) authorizes the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were

available pre-amendment. Amended section 3624(c)(4) also states that nothing in section 3624 "shall be construed to limit or restrict the authority of the Director or of the Bureau of Prisons under [18 U.S.C. § 3621, the statute empowering the BOP to take a convict into custody and designate a place of imprisonment.]" The Act requires the BOP to issue new RRC regulations within 90 days. 18 U.S.C. § 3624(c)(6) (amended).

In accordance with the Second Chance Act, on April 14, 2008, the BOP issued an interim policy memorandum on RRC placement considerations. The memorandum states that the "categorical timeframe limitations on prerelease community confinement" found in 28 C.F.R. §§ 570.20 and 570.21 (i.e., the ten percent limit that Petitioner challenges in this petition) "are no longer applicable and must no longer be followed." The memorandum further requires that RRC placement decisions be made on an individual basis with reference to the five-factor criteria set out in section 3621(b). Inmates previously denied RRC placement, such as Petitioner, were to be reconsidered under the standards set out in the memorandum.

*Montes v. Sanders*, No. CV 07-7284, 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008).

Here, there is no question that the passage of the Second Chance Act gives petitioner everything that he seeks in his habeas application. Under the Act and the BOP's implementation of the Act as reflected in the memorandum, the BOP will consider petitioner's suitability for placement in an RRC under the five factors set forth in § 3621(b), and his eligibility will not be limited to the last six months of his sentence, but will extend to the last 12 months of his sentence. In these circumstances, petitioner has already been afforded the relief he seeks, and his claims are therefore rendered moot by the Second Chance Act. *See McGavock v. Berkebile*, No. 3-08-CV-9-P, 2008 WL 4540185, at *2 (N.D. Tex. Oct. 8, 2008); *Marshall v. Augustine*, No. 4:07cv467, 2008 WL 4371363, at *7 (N.D. Fla. Sept. 18, 2008); *Montes*, 2008 WL 2844494, at *2. Accordingly, the Court should conclude that petitioner's habeas application is moot.

C.  *Conclusion*

In view of the foregoing, the Court should dismiss as moot petitioner's application for the writ of habeas corpus.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ PAUL J. KOMIVES<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: October 29, 2008

```
     I hereby certify that a copy of the foregoing document was
served upon Raymond S. Najor, Reg. No. 04321-017, P. O. Box 1000,
Milan, MI 48160 and counsel of record on October 29, 2008, by
electronic and/or ordinary mail.
```

S/William F. Lewis<br>
Case Manager